O

# United States District Court
# Central District of California

| | |
|---|---|
| WENDY BENGE,<br><br>            Plaintiffs<br><br>      v.<br><br>CB INDIGO, CELTIC BANK, CELTIC BANK CORPORATION, CELTIC BANK SPECIAL ASSETS, LLC, GENESIS BANKCARD SERVICES, INC.,<br><br>            Defendants. | Case No. 2:18-cv-02393-ODW (AGRx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [23]** |

## I.    INTRODUCTION

This case concerns a credit account opened in Plaintiff's name and Defendants' subsequent credit reporting and investigation of that account. Plaintiff filed this action against Defendants in Los Angeles County Superior Court, and Defendants removed the case to federal court. (Notice of Removal, ECF No. 1.) Defendants now move for judgment as a matter of law on Plaintiff's numerous state and federal claims ("Motion"). (*See generally* Mot., ECF No. 23.) For the reasons below, the Court **GRANTS** Defendants' motion.[1]

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

When Plaintiff Wendy Benge's ("Plaintiff") ATM card was stolen in late September 2017, she placed a fraud alert on her account with the credit bureaus and her bank. (Compl. ¶ 11, ECF No. 1-1.) In early October 2017, Home Depot alerted Plaintiff to a fraudulent attempt to open an account in her name. (*Id.* ¶ 12, Ex. C (indicating October 2017).) This prompted Plaintiff to check her credit monitoring app, through which she learned of a new inquiry into her credit by Defendant CB Indigo.[2] (*Id.*) An application for a credit account had been submitted to Defendants and an account opened in Plaintiff's name. (Answer Def. Genesis ¶ 12, ECF No. 9; Answer Defs. Celtic Bank Corp. and Celtic Bank Special Assets ¶ 12, ECF No. 13.) Plaintiff called Defendants to alert them that she had not authorized the inquiry. (Compl. ¶ 12.) She also filed a police report that noted an attempt had been made to open a CB Indigo account in her name. (*Id.* Ex. C.) "At the time . . . [Plaintiff called Defendants] there was no actual fraudulent account information on Plaintiff's credit account related to CB Indigo." (*Id.* ¶ 12.)

On or about January 18, 2018, Plaintiff discovered that Defendants added negative information to the account on Plaintiff's credit report indicating the account was 30 days late. (*Id.* ¶ 13.) Plaintiff called Defendants multiple times on January 18, informing them that they should have known the account was not hers, it should be removed from her credit report, and the negative information would cause harm to her creditworthiness and livelihood. (*Id.* ¶¶ 13–16.) Defendants informed Plaintiff that it could take 30 to 90 days or more to investigate the account. (*Id.* ¶ 17.) Defendants advised her to submit a Federal Trade Commission ("FTC") fraud report in addition to the police report. (*Id.*) On or about January 23, 2018, Plaintiff faxed Defendants a letter disputing the account, an FTC fraud report, and the police report with an

---

[2] Plaintiff does not distinguish between Defendants in her factual allegations, instead alleging against only Defendant "CB Indigo." The Court construes Plaintiff's allegations in the light most favorable to Plaintiff, as against all Defendants, and refers to Defendants collectively unless otherwise noted. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

addendum. (*Id.* ¶ 18.) On or about February 6, 2018, Plaintiff discovered that Defendants again added negative information to Plaintiff's credit report concerning the account, reporting it was overdue and over the credit limit. (*Id.* ¶ 19.)

On February 16, 2018, Plaintiff filed a Complaint against Defendants in the Los Angeles County Superior Court alleging thirteen causes of action: violations of the (1) Fair Debt Collection Practice Act ("FCDPA") or California FDCPA ("Cal. FDCPA"); (2) Fair Credit Reporting Act ("FCRA"); and (3) California Business and Professions Code section 17200 Unfair Competition Law ("UCL"); and for (4) Intentional and (5) Negligent Infliction of Emotional Distress; (6) Defamation; (7) Identity Theft; (8) Invasion of Privacy; (9) Intentional and (10) Negligent Interference with Prospective Economic Advantage; (11) Negligence; (12) Respondeat Superior; and (13) Declaratory and Injunctive Relief. (*See* Compl. 1, 12.) To support her claims, Plaintiff alleges that Defendants are furnishers of credit information who failed to diligently verify the account application, failed to prevent the user from exceeding the credit limit, added false and inaccurate information to Plaintiff's credit report, engaged in hostile action to collect a debt by credit reporting, failed to accurately maintain Plaintiff's account, and failed to properly investigate in response to Plaintiff's dispute. (*See generally* Compl. ¶¶ 5–39.)

Defendants removed the case to this Court, answered Plaintiff's Complaint, and now move for judgment on the pleadings. Defendants contend that each of Plaintiff's causes of action are preempted or fail to state a claim. (*See generally* Mot.) Plaintiff opposes Defendants' Motion.[3]

---

[3] Plaintiff opposes Defendants' Motion as to some, but not all, causes of action. (*See generally* Opp'n, ECF No. 33 (failing to oppose on causes of action for (1) FDCPA/Cal. FDCPA, (3) UCL, (6) Defamation, (7) Identity Theft, and (12) Respondeat Superior.) "A plaintiff who makes a claim . . . in his complaint but fails to raise the issue in response to a defendant's motion to dismiss . . . has effectively abandoned his claim." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 888 (9th Cir. 2010) (quoting *Walsh v. New Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006)). Because Plaintiff failed to raise these claims in response to Defendants' Motion, the Court concludes that she has abandoned them. However, as discussed below, even had she not, each is preempted or fails to state a claim.

## III. LEGAL STANDARD

After the pleadings are closed, but within such time as to not delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). The standard applied on a Rule 12(c) motion is essentially the same as that applied on Rule 12(b)(6) motions; a judgment on the pleadings is appropriate when, even if all the allegations in the complaint are true, the moving party is entitled to judgment as a matter of law. *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact).") (citations omitted). When ruling on a motion for judgment on the pleadings, a court should construe the facts in the complaint in the light most favorable to the plaintiff, and the movant must clearly establish that no material issue of fact remains to be resolved. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). However, "conclusory allegations without more are insufficient to defeat a motion" for judgment on the pleadings. *Id.* If judgment on the pleadings is appropriate, a court has discretion to grant the non-moving party leave to amend, grant dismissal, or enter a judgment. *See Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004).

## IV. DISCUSSION

Plaintiff asserts numerous state and federal claims premised on allegations revolving around Defendants' reporting and investigation of account information on Plaintiff's credit report. Defendants argue that the FCRA expressly preempts Plaintiff's state law causes of action and that even if it did not, her Complaint fails to state a claim as to each of them. Defendants further argue that Plaintiff's FCRA claim fails as a matter of law because, first, 15 U.S.C. § 1681s-2(a) affords no private right of action and, second, Plaintiff fails to allege that a credit reporting agency ("CRA")

4

notified Defendants of her dispute, as required to trigger Defendants' duty to investigate under 15 U.S.C. § 1681s-2(b).

### A. Matters Outside the Pleadings

As a preliminary matter, Plaintiff submitted several documents with her opposition to Defendants' Motion. When considering a motion for judgment on the pleadings, a court may consider only the pleadings and documents attached to them, documents incorporated by reference in the complaint, and judicially noticeable matters. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). If "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The Court declines to convert Defendants' Motion to one for summary judgment. Plaintiff failed to authenticate the documents she attached to her opposition through a declaration or other means. Further, the proffered documents are substantially illegible. Accordingly, the Court does not consider the exhibits attached to Plaintiff's opposition.

### B. Preemption

Defendants argue that the FCRA preempts Plaintiff's state law claims. (Mot. 8–10.)

The FCRA imposes duties on entities that furnish information to CRAs. 15 U.S.C. § 1681s-2; *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009). When Congress amended the FCRA in 1996, it expressly preempted any state laws that imposed any "requirement or prohibition" on, among others, any subject matter regulated under § 1681s-2. 15 U.S.C. § 1681t(b)(1)(F) ("No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to responsibilities of persons who furnish information to consumer agencies.").

However, Congress did not repeal an earlier preemption provision, § 1681h(e), which preempts defamation, invasion of privacy, and negligence claims unless a

plaintiff sufficiently alleges falsity and malice. *See id.* § 1681h(e). In *Gorman*, the Ninth Circuit noted that district courts have divided on reconciling the two provisions, but did not resolve the question. *Gorman*, 584 F.3d at 1167. This Court previously approved a total preemption approach, where § 1681t(b)(1)(F) preempts all non-exempt state law causes of action. *See Vartanian v. Portfolio Recovery Assocs., LLC*, No. 2:12-cv-08358-ODW (AJWx), 2013 WL 877863, *7 (C.D. Cal. Mar. 7, 2013) (interpreting the phrase "no requirement or prohibition" to include state common law claims, in light of Supreme Court precedent); *see also Miller v. Bank of Am., Nat'l Ass'n*, 858 F. Supp. 2d 1118, 1124 (S.D. Cal. 2012) ("The majority of district courts in this Circuit have interpreted § 1681t(b)(1)(F) as a total preemption provision.").

Here, Plaintiff alleges that Defendants added false and inaccurate information to her credit report, failed to accurately maintain her account, and failed to properly investigate after she disputed their reporting. These allegations clearly involve duties and responsibilities of furnishers of credit information, conduct regulated under § 1681s-2. Because Plaintiff's state law claims relate to Defendants' responsibilities as furnishers of credit information under § 1681s-2, the FCRA expressly preempts Plaintiff's state law causes of action.[4]

Accordingly, the Court **DISMISSES** Plaintiff's state law claims **without leave to amend**.

C.  **FCRA**

Defendants argue Plaintiff's FCRA claim fails because, first, § 1681s-2(a) provides no private right of action and, second, Plaintiff fails to allege sufficient facts to trigger Defendants' duty to investigate under § 1681s-2(b). (Mot. 10–12.) Plaintiff argues that her FCRA claim is brought under subsection (b), not subsection (a), and

---

[4] Plaintiff argues in her opposition that her FCRA claims are based not on § 1682s-2, but instead on § 1681b's permissible purpose requirement. (Opp'n 10.) However, this argument does not appear in Plaintiff's Complaint. *See Perez v. Wells Fargo and Co.*, 75 F. Supp. 3d 1184, 1187 (N.D. Cal. 2014) ("A motion for judgment on the pleadings challenges the legal sufficiency of the opposing party's pleadings.") (internal quotation marks omitted). Regardless, the conduct described in Plaintiff's allegations falls squarely within § 1681s-2's ambit, as discussed above.

6

that she alleges facts sufficient to state a claim under § 1681s-2(b). (Opp'n 12.)

The FCRA imposes duties on entities that furnish information to CRAs, "to ensure that credit reports are accurate." *Gorman*, 584 F.3d at 1154. The "FCRA prohibits, among other things, furnishers of information from providing information to a CRA they know or have to reason to believe is inaccurate about a consumer." *Vartanian*, 2013 WL 877863, at *3 (internal quotation marks omitted). Section 1681s-2(a) "details the duty 'to provide accurate information.'" *Gorman*, 584 F.3d at 1154. However, duties under § 1681s-2(a) "are enforceable only by federal or state agencies." *Id.*; *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002). Consequently, to the extent Plaintiff's Complaint attempts to assert a claim under § 1681s-2(a), no private right of action exists, and that claim fails.

Section 1681s-2(b) imposes duties and procedures a furnisher must follow to investigate and correct reported information when disputed. *See Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1106 (9th Cir. 2012) ("Upon being notified of a dispute by a CRA, a furnisher must investigate and, if necessary, correct the information it reports."). The duty to investigate arises "only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties" under § 1681s-2(b). *Gorman*, 584 F.3d at 1154; *see also Drew*, 690 F.3d at 1106.

Plaintiff does not allege that she notified a CRA of her dispute regarding the information Defendants reported, nor does she allege that any CRA ever notified Defendants of her dispute. Plaintiff alleges she placed a fraud alert on her account with the CRAs in September 2017 and contacted Defendants directly in October 2017 to alert them of an unauthorized inquiry. (Compl. ¶¶ 11–12.) However, Plaintiff expressly asserts that, at the time Plaintiff called Defendants in October 2017, "there was no actual fraudulent account information on Plaintiff's credit account related to CB Indigo." (Compl. ¶ 12.) Plaintiff alleges Defendants first added negative

information to the account in her name on or before January 18, 2018, so the prior contacts could not conceivably concern disputes of information Defendants reported.

Plaintiff alleges that she contacted Defendants directly on January 18, 2018, to dispute the reported information, but fails to allege that she disputed that information to a CRA or that a CRA ever notified Defendants of her dispute. Plaintiff's direct complaint to Defendants on January 18 "would not have triggered any duty since it was unaccompanied by CRA notification." *Drew*, 690 F.3d at 1106. As Plaintiff fails to allege sufficient facts to trigger Defendants' duty to investigate under § 1681s-2(b), Plaintiff's FCRA claim fails.

Accordingly, the Court **DISMISSES** Plaintiff's FCRA cause of action, **with leave to amend** as discussed below.

### D. Leave to Amend

"[A]lthough Rule 12(c) does not mention leave to amend, courts have discretion both to grant a Rule 12(c) motion with leave to amend and to simply grant dismissal of the action instead of entry of judgment." *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) (citations omitted).

As to Plaintiff's FCRA claim, to the extent Plaintiff can allege that she disputed an item of Defendants' reporting to a CRA, a CRA notified Defendants of her dispute, and Defendants thereafter failed to reasonably investigate, the Court **GRANTS** Plaintiff **leave to amend within 21 days**. As to Plaintiff's state law causes of action, Plaintiff's complaint includes allegations which could arguably be viewed as unrelated to Defendants' responsibilities as furnishers under the FCRA, specifically that Defendants failed to exercise due diligence when verifying the account application and failed to prevent the account user from exceeding the credit limit. To the extent Plaintiff can assert viable state law claims premised on conduct *unrelated to Defendants' responsibilities as furnishers of information under the FCRA*, the Court **GRANTS** Plaintiff **leave to amend within 21 days. Plaintiff's failure to timely amend will convert this dismissal to a dismissal with prejudice.**

## V.  CONCLUSION

For the foregoing reasons, the Court **DISMISSES without leave to amend** Plaintiff's state law causes of action to the extent preempted by the FCRA. (ECF No. 23). The Court **DISMISSES with leave to amend** Plaintiff's FCRA claims, and Plaintiff's state law claims only to the extent they may be premised on conduct not preempted by the FCRA. Any amended complaint must be filed **no later than 21 days** from the date of this Order.

**IT IS SO ORDERED.**

January 18, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**